

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

METROPOLITAN LIFE INSURANCE
COMPANY,

                  **Plaintiff,**

    v.

GWENDOLYN KAY LEICH-BRANNAN,
JULIUS KEITH LEICH, LOIS A. LEICH,
and PATRICIA A. LEICH,

                  **Defendants.**

CIVIL ACTION No. 3:09CV 572 (JRS)

---

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Metropolitan Life Insurance Company ("MetLife"), by its counsel, for its

Complaint For Declaratory Judgment against defendants Gwendolyn Kay Leich-Brannan,  Julius

Keith Leich, Lois A. Leich, and Patricia A. Leich, states as follows:

### PARTIES

1.      MetLife is an insurance company organized and existing under the laws of the

State of New York with its principal place of business located in New York, New York.

2.      Defendant Gwendolyn Kay Leich-Brannan is a citizen of the Commonwealth of

Virginia residing at 1801 Naselle Lane, Richmond, Virginia.

3.      Defendant Julius Keith Leich is a citizen of the Commonwealth of Virginia

residing at 12173 Morestead Court, Glen Allen, Virginia.

4.      Defendant Lois A. Leich is a citizen of the State of Illinois, residing at 407 South

Market Street, Seneca, Illinois.

5.      Defendant Patricia A. Leich is a citizen of the Commonwealth of Virginia,

residing at 47 Park Avenue, Newport News, Virginia.

## JURISDICTION AND VENUE

6.    This is a civil action requesting declaratory judgment brought by MetLife pursuant to 28 U.S.C. § 2201 and Federal Rules of Civil Procedure 22 and 57.

7.    Pursuant to 28 U.S.C. § 2201, in a case of actual controversy within its jurisdiction, this Court may declare the rights and other legal relations of any interested party seeking such declaration.

8.    Jurisdiction of this Court is based upon 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331 (federal question) in that this civil action arises under the laws of the United States as the issues in this lawsuit are governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001, *et seq.*

9.    Venue is proper under 28 U.S.C. § 1397 in that defendants Kay Leich-Brannan, Julius Keith Leich and Patricia A. Leich reside in Virginia.

## GENERAL ALLEGATIONS

10.    Adolph J. Leich (hereinafter the "Decedent"), a retiree, was a participant in the Mobil Oil Corporation Life Insurance Program (the "Plan"), an employee welfare benefit plan governed by ERISA.  MetLife is the claims fiduciary for the Plan.

11.    ERISA defines a beneficiary as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit hereunder." 29 U.S.C. §1002(8).

12.    As claim fiduciary, MetLife must administer claims in accordance with ERISA and the documents and instruments governing the Plan.

13.    The Plan establishes the right of the Plan participant to name his or her beneficiary, and states that benefits will be paid to the beneficiary.  Specifically, the Plan states that "your life insurance will be paid to the beneficiary you name on your beneficiary

designation form. You may change your beneficiary at any time by completing the proper form and submitting to the Benefit Service Center."

14.     The Decedent had been married to defendant Patricia A. Leich and they were divorced on July 2, 1984. A Property Settlement Agreement dated July 2, 1984 was incorporated into the Judgment for Dissolution of Marriage.

15.     The Property Settlement Agreement provides, in pertinent part:

> The Husband agrees to make the Wife his irrevocable beneficiary on all of his personal and group life insurance, to maintain all such insurance in force and to produce proof of such irrevocability for the Wife.

The Property Settlement Agreement does not identify the policy number for the insurance policies that it covers; and provides neither a dollar amount awarded to defendant Patricia A. Leich nor a specific percentage of her beneficiary status.

16.     The Decedent completed a beneficiary designation form on or about July 16, 1984, designating defendant Patricia A. Leich as primary beneficiary of the life insurance benefits payable under the Plan. The Decedent designated Jay (Julius) K. Leich, his son, as contingent beneficiary on the same form.

17.     Almost two years later, the Decedent completed another beneficiary designation form on or about December 26, 1987, making his wife at the time, Lois A. Leich, and two children, defendants Julius Keith Leich and Gwendolyn Kay Leich-Brannan, as primary beneficiaries of the life insurance benefits payable under the Plan. Defendant Patricia A. Leich was not named on the 1987 beneficiary designation.

18.     The Decedent died on October 10, 2008.

19.     As a consequence of the Decedent's death, life insurance benefits in the amount of $54,800.00, plus any applicable interest ("Plan Benefits") became payable to the proper beneficiary or beneficiaries.

20.     On November 3, 2008, defendant Lois A. Leich submitted a Claim Statement requesting payment of the Plan Benefits.  On November 12, 2008, defendant Julius Keith Leich submitted a Claim Statement requesting payment of the Plan Benefits.  On November 15, 2008, defendant Gwendolyn Kay Leich-Brannan submitted a Claim Statement requesting payment of the Plan Benefits.

21.     MetLife, without knowledge of the 1984 beneficiary designation form, then made what might have been premature payments to defendants Lois A. Leich, Julius Keith Leich, and Gwendolyn Kay Leich-Brannan for the full amount of the Plan Benefits, as the 1987 beneficiary designation on file named those defendants as the primary beneficiaries sharing the Plan Benefits.  Pursuant to the 1987 beneficiary designation, Lois A. Leich received 34% of the Plan Benefits.  Julius Keith Leich and Gwendolyn Kay Leich-Brannan each received 33% of the Plan Benefits.

22.     By letter dated March 13, 2009, defendant Patricia A. Leich advised MetLife that the entire amount of the Plan benefits was improperly paid to defendants Lois A. Leich, Julius Keith Leich, and Gwendolyn Kay Leich-Brannan because she (Patricia A. Leich) was supposed to be an irrevocable beneficiary entitled to all of the Plan benefits pursuant to the July 2, 1984 Property Settlement Agreement.

23.     Defendant Patricia A. Leich provided MetLife with a complete copy of the Judgment for Dissolution of Marriage and the Property Settlement Agreement along with her March 13, 2009 correspondence.

24.     ERISA preempts state law that purports to determine beneficiaries under ERISA plans, including domestic relations laws.  See 29 U.S.C. §1144(a).  However, a qualified domestic relations order ("QDRO") is exempt from ERISA preemption and would supersede a beneficiary designation.  See 29 U.S.C. §1056(d)(3).

25.     MetLife is unable to determine whether the Property Settlement Agreement at issue is a QDRO under ERISA which would preempt the 1987 beneficiary designation of the Decedent.

26.     Given the existence of rival claimants to the Plan Benefits and the uncertainty as to whether the Property Settlement Agreement at issue qualifies as a QDRO pursuant to ERISA, MetLife may have prematurely and improperly paid defendants Lois A. Leich, Julius Keith Leich, and Gwendolyn Kay Leich-Brannan the full amount of the Plan benefits.

27.     Since MetLife does not dispute that it may have improperly paid the full amount of the Plan benefits to defendants Lois A. Leich, Julius Keith Leich, and Gwendolyn Kay Leich-Brannan, MetLife respectfully requests that this Court issue a declaratory judgment as to whether the Property Settlement Agreement is a QDRO and as to which defendants are the proper beneficiaries of the Plan Benefits under ERISA.

**WHEREFORE**, MetLife demands judgment against defendants, for the following relief:

1.     An Order declaring and adjudging whether the Property Settlement Agreement at issue is a qualified domestic relations order under ERISA;

2.     An Order declaring and adjudging the lawful and proper beneficiaries of the Plan benefits provided pursuant to the Mobil Oil Corporation Life Insurance Program upon the death of Adolph J. Leich;

3.     If the Court determines that Patricia A. Leich is entitled to receive the Plan benefits, an Order that requires defendants Lois A. Leich, Julius Keith Leich, and Gwendolyn Kay Leich-Brannan to pay the Plan benefits to Patricia A. Leich.

4.     Upon an entry of judgment by the Court, MetLife be discharged from any and all further liability under the Plan;

5.    Defendants Patricia A. Leich, Lois A. Leich, Julius Keith Leich, and Gwendolyn Kay Leich-Brannan each be restrained from initiating any further actions against MetLife, connected with or relating to the Plan benefits;

6.    An Order awarding MetLife its reasonable attorneys' fees, costs, and disbursements incurred in bringing this action; and

7.    An Order awarding MetLife such other relief as this Court deems just and proper.

This __11__ day of September, 2009

Respectfully submitted,

Christopher Hammond (Bar No.76807)
Thomas R. Bundy III (Pro Hac Pending)
Sutherland Asbill and Brennan LLP
1275 Pennsylvania Avenue NW
Washington, DC 20004
(202) 383-0100
(202) 637-3593 (facsimile)
Thomas.Bundy@sutherland.com
Christopher.Hammond@sutherland.com
Attorneys for Defendant